## State v. Long
*[Cite as 5 AOA 211]*

*Case No. 1874*
*Medina County, (9th)*
*Decided July 18, 1990*

Dean Holman, Prosecuting Attorney, 135 S. Jefferson St., Medina, OH 44256, for Plaintiff.

Ida L. MacDonald, Attorney at Law, 930 Society Bldg., Akron, OH 44308, for Defendant.

QUILLIN, J.
Defendant-appellant appeals his sentence after a conviction for attempted rape. Because the trial court erroneously believed it had no discretion to grant probation, we reverse and remand for resentencing.

On December 18, 1989, defendant-appellant, Jean R. Long, pleaded no contest to and was subsequently found guilty of attempted rape. R.C. 2907.02; R.C. 2923.02. Long's counsel requested that Long be granted probation due to a favorable pre-sentence report. The trial judge stated that she was inclined to grant probation, however, she felt she was prohibited from doing so because she believed attempted rape is a non-probationable offense. Long now appeals.

### ASSIGNMENT OF ERROR
"The trial court erred in finding that defendant's conviction for an attempted rape of a minor under the age of 13, O.R.C. Section 2923.02 was a conviction of a non-probationable offense."

R.C. 2951.02(F)(4) provides in part:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended *** when any of the following applies:

"*** .

"(4) The offense involved is a violation of section 2907.02
or 2907.12 of the Revised Code."

"*** ."

Long was convicted of an attempted violation of R.C. 2907.02. An attempt to commit an offense is an offense in itself. Committee Comment to R.C. 2923.02.

As a general rule of statutory construction, the specific mention of one thing implies the exclusion of another. *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St. 3d 171, 175. However, the doctrine of *expressio unius est exclusio alterius* should not be applied to defeat legislative intent. *State, ex rel. Wilson, v. Preston* (1962), 173 Ohio St. 203, 209.

In the case *sub judice*, R.C. 2951.02 precludes the grant of probation, to those convicted of rape. There is no express exclusion of probation for attempted rape, nor is there any indication that the legislature intended to preclude probation for attempted rape. Therefore, we hold that the trial court erred in finding that attempted rape is a non-probationable offense. Long's assignment of error is sustained.

The judgment of the trial court is reversed and remanded to the trial court to exercise its discretion in determining whether probation is appropriate in the instant case.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and cause remanded.*

REECE, P.J., and BAIRD, J., concur.