The STATE of Ohio, Appellee,

v.

SHAINOFF, Appellant.

[Cite as *State v. Shainoff* (1996), 117 Ohio St.3d 129.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 70266 and 70267.

Decided Dec. 30, 1996.

**130**

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Arthur Elkins*, Assistant Prosecuting Attorney, for appellee.

*Uche Mgbaraho*, for Appellant.

PATRICIA ANN BLACKMON, Judge.

This appeal raises the issue whether attempted rape and attempted felonious sexual penetration are probationable. Probationable offenses are any offenses not specifically enumerated in R.C. 2951.02(F). R.C. 2951.02(F) in substance provides that probation shall not be given to repeat or dangerous offenders, or to those who are found guilty of aggravated murder or murder, offenses other than carrying a concealed weapon committed while the offender was armed with a firearm or dangerous ordnance, rape, felonious sexual penetration, or carrying a concealed weapon aboard an aircraft. Also, probation is not available to repeat offenders who have committed aggravated vehicular homicide or who have been sentenced to a term of actual incarceration.

Here Robert Shainoff appeals his conviction for three counts of attempted felonious sexual penetration, two counts of gross sexual imposition, and one count of attempted rape. Shainoff assigns the following error for our review:

"The trial court did not substantially comply with Crim.R. 11(C) when it accepted a guilty plea for the nonprobationable crimes of attempted felonious sexual penetration[,] attempted gross sexual imposition and attempted rape without informing the defendant that he was not eligible for probation, shock probation or shock parole."

Having reviewed the record and the parties' arguments, we affirm the trial court's decision.

This court adopts the holding in *State v. Long* (1990), 68 Ohio App.3d 663, 589 N.E.2d 437 (attempted rape is probationable). Where a crime is not specifically mentioned in R.C. 2951.02(F), it is understood that the legislature intended to exclude that crime from consideration as nonprobationable (*expressio unius est exlcusio alterius*). Since attempted rape is not mentioned in the

statute it is, therefore, probationable. Consequently, the trial court is not required to advise a defendant on eligibility for probation. It is required to inform the defendant only on ineligibility for probation. *State v. Floyd* (Oct. 13, 1993), Scioto App. No. 92CA2102, unreported, 1993 WL 415287.

Accordingly, the trial court did not err, and Shainoff's assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and KARPINSKI, J., concur.