DECISION AND JUDGMENT ENTRY
{¶ 1} Robert A. Ruby appeals his conviction and sentence in the Adams County Court of Common Pleas. Ruby contends that he did not knowingly, intelligently, and voluntarily enter his plea. Because the trial court informed Ruby that he might be eligible for community control, when in fact he was not, we agree and find that the trial court did not substantially comply with Crim.R. 11 before accepting Ruby's plea. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 2} The Adams County Grand Jury indicted Ruby on one third-degree felony count of trafficking in drugs, a violation of R.C. 2925.03(A)(1), and on one second-degree felony count of possession of drugs, a violation of R.C. 2925.11. The trial court permitted the State to amend the possession charge from a second-degree felony to a third-degree felony in order to conform to the amount of drugs identified via the laboratory analysis.
 {¶ 3} Ruby initially pled not guilty to the charges. However, the parties reached a plea agreement pursuant to which Ruby agreed to plead guilty to both charges. The State represented that the parties would remain free to argue sentencing, but stated that it most likely would, assuming Ruby engaged in no further inappropriate activity prior to sentencing, ask the court to sentence Ruby to concurrent two- to three-year sentences on each count.
 {¶ 4} Before accepting Ruby's plea, the trial court engaged him in a dialogue to assure that he was knowingly, intelligently, and voluntarily entering his plea. During that dialogue, the trial court stated: "If you were granted community control, which is a different word for probation, but if you were granted probation and you violated the terms of probation, you could be resentenced back to the amount of time in the original sentence." The trial court also explained that if Ruby was paroled and violated the terms of his parole, he could be resentenced for up to half of his original term. Ruby indicated that he understood his rights, and the trial court accepted his guilty plea.
 {¶ 5} At the sentencing hearing, the State recommended that the court sentence Ruby to concurrent two- to three-year sentences on each count. The court imposed a four-year sentence on each count, and ordered Ruby to serve the sentences consecutively.
 {¶ 6} Ruby appeals, asserting the following assignments of error: "1. Defendant's guilty plea was not knowingly, voluntarily, and intelligently made, and his plea did not meet the requirements of Crim.R. 11, therefore his plea was in violation of the United States Constitution and the Ohio Constitution. 2. Defendant's counsel represented to defendant that the plea bargain and sentencing agreement was that defendant would plead guilty to each count of the indictment as charged, in exchange for a definite term of imprisonment not to exceed three years on each count, with the sentences to run concurrent. 3. The length of the actual prison sentence imposed upon the defendant by the trial court, and the imposition of consecutive, rather than concurrent prison terms, fails to meet the requirements of R.C. 2929.12 and R.C. 2929.14."
 II. {¶ 7} In his first assignment of error, Ruby contends that he did not knowingly, intelligently, and voluntarily enter his plea, and that the trial court failed to substantially comply with the requirements of Crim.R. 11 before accepting his plea.
 {¶ 8} In determining whether to accept a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. State v.Johnson (1988), 40 Ohio St.3d 130, syllabus; Crim.R. 11(C). To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). Crim.R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, the nature of the charge and the penalty involved. Johnson at 133. Furthermore, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea."State v. Corbin, 141 Ohio App.3d 381, 386-387, 2001-Ohio-4140, citing State v. Wilson (1978), 55 Ohio App.2d 64; State v.Gibson (1986), 34 Ohio App.3d 146.
 {¶ 9} Strict compliance with Crim.R. 11(C) is preferred; however, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with that rule. State v. Boshko (2000),139 Ohio App.3d 827. In this context, "substantial compliance" means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Stewart (1977),51 Ohio St.2d 86; see, also, State v. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied, (1980), 445 U.S. 953, 100 S.Ct. 1605,63 L.Ed.2d 789.
 {¶ 10} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93; Crim.R. 52(A). "The test is whether the plea would have otherwise been made." State v. Nero (1990), 56 Ohio St.3d 106, 108, citing Stewart, supra; Corbin at 386. "The prejudice to a defendant is apparent when the court informs him/her that he/she is eligible for probation although it is actually unavailable. In such case, a defendant might be coerced into pleading guilty because of the possibility of probation." State v. Floyd (Oct. 13, 1993), Scioto App. No. 92CA2102; accord State v. Shainoff
(1996), 117 Ohio App.3d 129, 131. In Floyd, the trial court erroneously informed the defendant at his change of plea hearing that the offense was not a probational offense, when in fact the defendant was eligible for probation. We held that the defendant did not suffer any prejudice despite the trial court's misstatement, because the misstatement actually would have tended to induce the defendant not to plead guilty.
 {¶ 11} Here, Ruby points out that the trial court indicated he could receive community control for his offenses. In fact, both of Ruby's crimes carry mandatory prison sentences. See R.C.2925.03(C)(1)(c); R.C. 2925.11(C)(1)(b). Thus, the situation before us is opposite that presented in Floyd. As we noted inFloyd, the prejudice resulting from a trial court's misstatement that the defendant is eligible for community control, when in fact prison is mandatory, is apparent. Thus, the record does not demonstrate that Ruby knowingly, intelligently, and voluntarily entered his plea. Furthermore, we find that he suffered prejudice as a result. Accordingly, we sustain his first assignment of error.
 {¶ 12} Having sustained Ruby's first assignment of error, we find that his remaining assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c). We reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.
Judgment Reversed and Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., Concurs in Judgment only.
Harsha, J., Dissents.