OPINION
{¶ 1} Appellant, Marvin L. Thomas, appeals from the March 29, 2004 judgment and sentencing of the Court of Common Pleas, Allen County, Ohio, sentencing him to a mandatory prison term of seven years for possession of crack cocaine in violation of R.C. 2925.11(A) (C)(4)(e).
 {¶ 2} Thomas was charged by Bill of Information on February 23, 2004 with one count of possession of crack cocaine, a first degree felony. He subsequently pled guilty to the charge pursuant to a negotiated plea whereby the State of Ohio agreed to recommend an eight year prison sentence. A sentencing hearing was held on March 29, 2004, and the trial court imposed a mandatory prison sentence of seven years pursuant to R.C. 2925.11(C)(4)(e). Thomas now appeals, asserting the following assignment of error:
The trial court erred in sentencing the defendant by imposing theentire sentence as mandatory time, without considering the merits ofpart-mandatory, part-non-mandatory sentencing.
 {¶ 3} In his sole assignment of error, Thomas contends that the trial court erred in imposing a mandatory prison term. We review the sentencing decision of a trial court to determine whether the court's findings are supported by the record, and we may not substitute our judgment for that of the trial court without clear and convincing evidence of one of the errors described in R.C. 2953.08. State v. Martin (1999),136 Ohio App.3d 355, 361. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 4} Thomas does not assert that the trial court lacked the authority to sentence him to a mandatory prison term. Rather, Thomas argues that the trial court was not required to impose mandatory prison time for theentire length of the sentence imposed under R.C. 2925.11(C)(4)(e) and that judicial release should have been available after Thomas served the minimum term required for a first degree felony. He interprets R.C. 2925.11
and 2929.20 as allowing a trial court to impose a mandatory prison term of three years, the shortest term available for a first degree felony pursuant to R.C. 2929.14(A)(1), while making any additional prison time non-mandatory. This practice, he argues, is the better policy in that it would allow courts to promote offender rehabilitation.
 {¶ 5} Thomas' arguments are not well-taken for several reasons. First, he does not assert any error on the part of the trial court in imposing the entire term as mandatory. Thomas concedes that R.C.2925.11(C)(4)(e), at a minimum, authorizes a court to impose a mandatory prison term. Thus, he does not claim that the trial court acted improperly, and has failed to demonstrate by clear and convincing evidence that the trial court's sentence was in error.
 {¶ 6} Second, Thomas has not provided any evidence that the trial court wished to impose a portion of his sentence as non-mandatory time but felt constrained by the statute. On the contrary, the trial court's judgment entry includes specific findings that Thomas was not amenable to community control sanctions and that such sanctions would demean the seriousness of Thomas' conduct. Accordingly, he presents no justification for remanding his case for consideration of a sentence that allows for community control sanctions.
 {¶ 7} Finally, the plain and unambiguous language of R.C.2925.11(C)(4)(e) requires imposition of a mandatory prison term. That section provides: "possession of [25-99 grams of crack cocaine] is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." R.C. 2925.11(C)(4)(e). Ohio courts have consistently read this language as requiring the implementation of a mandatory sentence. As a result, courts in Ohio have found that a trial court errs when it accepts a guilty plea to an offense under R.C. 2925.11 after indicating to the defendant that community control sanctions are available. State v. Ruby,
4th Dist. No. 03CA780, 2004-Ohio-3708, ¶ 11; see also State v. Davis,
2nd Dist. No. 2003-CA-87, 2004-Ohio-5979.
 {¶ 8} Accordingly, we hold that R.C. 2925.11(C)(4)(e) required the trial court to impose a mandatory term for the full length of the sentence imposed. Appellant's public policy arguments in favor of promoting criminal rehabilitation are better addressed to the legislature. When faced with a clear statutory directive we must refrain from interfering with the policy determinations of the legislative branch.
 {¶ 9} Appellant's assignment of error is overruled, and the judgment and sentence of the Court of Common Pleas, Allen County, is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.