[Cite as *State v. Martin*, 2012-Ohio-1405.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-CA-81 |
| MYCHAEL J. MARTIN | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2010CR0281

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 29, 2012

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

DANIEL J. BENOIT                 PATRICIA O'DONNELL KITZLER
Assistant Prosecuting Attorney   Anderson Will O'Donnell & Kitzler
38 South Park St.                3 North Main St., Ste. 801
Mansfield, OH 44902              Mansfield, OH 44902

*Gwin, P.J.*

{1}   Plaintiff-appellant State of Ohio appeals the August 23, 2011 Judgment Entry of the Richland County Court of Common Pleas granting Defendant-appellee Mychael J. Martin's Motion for Judicial Release.

{2}   Appellee entered a guilty plea to one count of Possession of Crack Cocaine, in violation of R.C. 2925.11(A), a felony of the third degree, and was sentenced to three (3) years' incarceration.[1] Appellee, through counsel, filed for judicial release on June 7, 2011 under R.C. 2929.20. Appellant responded by motion opposing judicial release on June 13, 2011, noting that the time imposed under R.C. 2925.11(A) was, in fact, mandatory. The trial court granted judicial release to appellee after a hearing was held on August 23, 2011.

{3}   The state has appealed raising as its sole Assignment of Error:

{4}   "I. THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE JUDICIAL RELEASE, AS HE WAS INELIGIBLE FOR JUDICIAL RELEASE ACCORDING TO O.R.C. [Sic.] 2929.20 AND O.R.C. [Sic.] 2925.11(A)(4)(c)."

I.

{5}   As set forth above, appellee was convicted of Possession of Crack Cocaine in violation of R.C. 2925.11(A), a felony of the third degree. R.C. 2925.11(A), provides, in relevant part, "(A) No person shall knowingly obtain, possess, or use a controlled substance." Subsection (C)(4) in effect at the time appellee was sentenced provided,

---

[1] A Statement of the Facts underlying Appellee's conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein.

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

* * *

(c) If the amount of the drug involved equals or exceeds twenty-five grams but is less than one hundred grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than ten grams of crack cocaine, possession of cocaine is a felony of the third degree, and *the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree.*(Emphasis added).

{6}    Revised Code Section 2929.14(A), provides,

(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), (D)(5), (D)(6), (D)(7), (D)(8), (G), (I), (J), or (L) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

* * *

(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.

{7}    The state maintains, since the prison term is mandatory, and the trial court sentenced appellee to a prison term of three years, the sentencing court has no discretion to modify the period of mandatory imprisonment by granting judicial release, and appellee must serve the stated period of three years. We disagree.

{8}    In the case at bar, appellant has not provided this court with transcripts of the original sentencing hearing and the hearing on appellee's motion for judicial release. Absent a complete transcript of these hearings, we are unable to review the facts underlying the trial court's grant of judicial release to appellee. App. R. 9 in effect at the time appellant filed his notice of appeal in this case provided for the record on appeal, and stated in pertinent part:[2]

(A) Composition of the record on appeal. The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript

---

[2] App. R. 9 was amended July 2011 to provide that a transcript is required for the record on appeal; a videotaped recording of the trial court proceedings is no longer adequate.

necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.

{9} Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Akro-Plastics v. Drake Industries*, 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249(1996). In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199,400 N.E.2d 384 (1980) the Supreme Court of Ohio held the following:

[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

{10} We note that in the case at bar, appellee, his attorney and the trial judge signed an Admission of Guilt/Judgment Entry, which stated in relevant part, "I

understand the MAXIMUM sentence is a basic prison term of 5 years of which 1 is mandatory. I am not eligible for judicial release during the mandatory imprisonment***." This entry was filed July 30, 2010.

{11} This Court recently addressed the issue raised herein in *State v. May,* 5th Dist. No. 2010CA2, 2010-Ohio-4625, holding:

> We recognize that subsequent to the filing of the briefs in this matter, this Court decided *State v. Hess,* Morrow App. No. 2009CA0015, 2010-Ohio-3695, in which we applied the holding of *State v. Thomas,* Allen App.No. 1-04-88, 2005-Ohio-4616, to conclude the trial court was required to impose a mandatory prison term for the entire length of the sentence prescribed and not create a 'hybrid sentence.' *Id.* at ¶ 32. However, the General Assembly has not specifically disallowed the type of partially mandatory sentence crafted by the trial court in the case sub judice, and, as R.C. 2929.01(FF) and R.C. 2929.20(C)(2) indicate, a 'stated term' is not necessarily synonymous with a 'mandatory term.' It is well-established that the sentencing provisions set forth in the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused. See, e.g., *State v. Fanti,* 147 Ohio App.3d 27, 30, 768 N.E.2d 718, 2001-Ohio-7028; R.C. 2901.04(A).

> Accordingly, we decline to herein adopt our previous rationale in *Hess.* We find the trial court acted within its discretion in imposing a one-year "mandatory" term, which comports with R.C. 2903.08(D)(1) and is

within the range of penalties for a third-degree felony, even though the "stated term" was ordered to be two years.

*Id.* at ¶18-19. *Accord*, *State v. Thompson*, 5th Dist. No. 10CAA020014, 2010-Ohio-5449.

{12} In the case at bar, the trial court's Admission of Guilt/Judgment Entry, filed July 30, 2010 indicates that it intended to impose only one year of the stated prison term as a mandatory sentence. Accordingly, in accordance with *May, supra*, we find the trial court did not abuse its discretion in granting appellee's motion for judicial release.

{13} Appellant's Assignment of Error is overruled.

{14} The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0305

[Cite as *State v. Martin*, 2012-Ohio-1405.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MYCHAEL J. MARTIN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-81 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE