[Cite as *State v. Hess*, 2012-Ohio-3090.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 11-CA-11 |
| JOHN W. HESS, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Morrow County Court of
                             Common Pleas, Case No. 2009CR0019

JUDGMENT:                    DISMISSED

DATE OF JUDGMENT ENTRY:      July 2, 2012

APPEARANCES:

For Appellant:                          For Appellee:

JOHN W. HESS, JR., PRO SE               CHARLES HOWLAND
North Central Corr. Inst.               MORROW COUNTY PROSECUTOR
670 Marion/Williamsport Rd., East
P.O. Box 1812                           JOCELYN STEFANCIN
Marion, OH 43301-1812                   Assistant Prosecutor
                                        60 E. High St.
                                        Mt. Gilead, OH 43338

*Hoffman, J.*

{¶1} Defendant-Appellant John W. Hess, Jr. appeals the October 12, 2011 judgment entry entered by the Morrow County Court of Common Pleas denying Hess's Motion to Vacate Void Sentence. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On September 22, 2009, Hess was found guilty by a jury of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree, and disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1), a first degree misdemeanor. The trial court classified Hess as a Tier III sex offender.

{¶3} Via judgment entry of December 17, 2009, the trial court sentenced Hess to four years in prison on the gross sexual imposition charge with one year mandatory. The trial court further ordered Hess to serve six months in jail and pay a fine of $1,000 on the dissemination charge.

{¶4} Hess appealed his conviction and sentence to this Court in *State v. Hess*, 5th Dist. No. 2009CA0016, 2010-Ohio-3692 ("*Hess I*"). We affirmed Hess's conviction.

{¶5} The State, however, appealed Hess's sentence in *State v. Hess*, 5th Dist. No. 2009CA0015, 2010-Ohio-3695 ("*Hess II*"). In *Hess II*, we applied the holding in *State v. Thomas*, 3rd Dist. No. 1-04-88, 2005-Ohio-4616, to conclude the trial court was required to impose a mandatory prison term for the entire length of the sentence prescribed and not create a "hybrid" sentence. We remanded the case to the trial court for resentencing in accordance with our Opinion.

---

[1] The underlying facts are unnecessary for the disposition of this appeal.

**{¶6}** While Hess's resentencing pursuant to *Hess II* was pending before the trial court, this Court addressed a similar sentencing issue in *State v. May*, 5th Dist. No. 2010CA2, 2010-Ohio-4625, issued September 27, 2010. In that case, the Morrow County Court of Common Pleas issued a sentence for aggravated vehicular assault, a third degree felony, with only a portion of the term being mandatory. The State appealed the sentence. Upon further analysis, this Court declined to adopt the previous rationale of *Hess II*. Instead, this Court held the trial court did not abuse its discretion in imposing a one-year "mandatory" term, even though the "stated term" was ordered to be two years. *Id*. at ¶ 18-19.

**{¶7}** In the case sub judice, the trial court held a resentencing hearing on December 27, 2010. By judgment entry issued March 2, 2011, the trial court relied upon this Court's intervening decision in *State v. May*, rather than *Hess II*, and reimposed the sentence adopted at the original sentencing hearing on November 20, 2009. Hess was again sentenced to a stated term of four year prison term with only one year being mandatory.

**{¶8}** Hess did not appeal the March 2, 2011 judgment entry.

**{¶9}** Hess filed motions for judicial release on May 17, 2011 and August 19, 2011. The trial court denied the motions because Hess is not an eligible offender.

**{¶10}** On September 22, 2011, Hess filed a Motion to Vacate Void Sentence. The trial court denied the motion on October 12, 2011.

**{¶11}** It is from that decision Hess now appeals, raising the following assignment of error:

{¶12} "THE TRIAL COURT VIOLATED DUE PROCESS AND EQUAL PROTECTION OF LAW.  OHIO CONST. ARTICLE I, SECTIONS 2, 4, 10, 16; ARTICLE IV, SECTION 4; UNITED STATES CONST. AMENDMENTS 4, 5, 6, AND 14."

{¶13} Hess argues in his pro se appeal the March 2, 2011, resentencing is void.  Specifically, he challenges the validity of the four year stated term of his sentence but not the one year mandatory term.

{¶14} As stated supra, Hess was convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.  The trial court sentenced Hess to a four year prison term with one year mandatory.  The State appealed the sentence.  The State argued pursuant to R.C. 2929.14 and R.C. 2907.05(C)(2), the trial court was required to chose a prison term from the range prescribed and the prison term was mandatory for the full length of the sentence imposed.  We agreed.

{¶15} In *Hess II*, we applied the holding of *State v. Thomas*, 3rd Dist. No. 1-04-88, 2005-Ohio-4616, to conclude the trial court was required to impose a mandatory prison term for the full length of the sentence prescribed and not create a "hybrid sentence."  *Id.* at 18-20.  We reversed Hess's sentence and remanded the case to the trial court for resentencing.  We stated, "the trial court in the case sub judice was required to impose a mandatory prison term for the entire length of the sentence prescribed.  The statutory requirement the court impose a definite prison term from one of the prison terms prescribed does not allow the trial court to create a hybrid sentence."  *Id.* at 21.

{¶16} While the Hess case was pending in the trial court for resentencing, this Court decided *State v. May*, 5th Dist. No. 2010CA2, 2010-Ohio-4625. *May* declined to adopt the rationale of *Hess II* and found a hybrid sentence was permitted under Ohio sentencing laws. On March 2, 2011, the trial court applied *May* to Hess's resentencing and resentenced Hess to his original sentence.

{¶17} We find the trial court's application of *May* to Hess's resentencing violates of the law of the case doctrine.

{¶18} The law of the case doctrine establishes the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.,* 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998), quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "[A]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan,* at syllabus.

{¶19} The decision rendered in *Hess II* resolved the legal questions for the subsequent resentencing. It was error for the trial court to apply *May* to the resentencing of Hess rather than to follow the law of the case of *Hess II*.

{¶20} That being said, Appellant failed to timely appeal the trial court's March 2, 2011 resentencing entry. Had he done so, this Court likely would have reversed based upon a law of the case analysis discussed supra. We find Appellant's subsequent Motion to Vacate Void Sentence which attempts to re-raise the same issues as previously reviewed is merely a collateral attack on the trial court's March 2, 2011 resentencing. Having not timely appealed that judgment, and finding nothing in

the resentencing entry which would serve to render it void, we dismiss Appellant's instant appeal.

By: Hoffman, J.

Farmer, J. concurs,

Delaney, P.J dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

*Delaney, P.J., dissenting.*

{¶21} I respectfully dissent from the majority opinion.

{¶22} I would overrule Hess's sole Assignment of Error based on the trial court's application of *State v. May*, 5th Dist. No. 2010CA2, 2010-Ohio-4625, and affirm the trial court's resentencing entry and denial of Hess's motion to vacate a void sentence.

{¶23} Where a trial court fails to impose a sentence in accordance with statutorily mandated terms, it is void. *State v. Harris*, -- Ohio St.3d --, 2012-Ohio-1908, -- N.E.2d --, ¶ 7 citing *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8. In this case, the trial court imposed Hess's original sentence in accordance with statutorily mandated terms as established by this Court in the intervening case of *State v. May,* 5th Dist. No. 2010CA2, 2010-Ohio-4625.

{¶24} We stated in *State v. May*:

We recognize that subsequent to the filing of the briefs in this matter, this Court decided *State v. Hess*, Morrow App. No.2009CA0015, 2010-Ohio-3695, in which we applied the holding of *State v. Thomas*, Allen App.No. 1-04-88, 2005-Ohio-4616, to conclude the trial court was required to impose a mandatory prison term for the entire length of the sentence prescribed and not create a "hybrid sentence." *Id.* at ¶ 32. However, the Generally Assembly has not specifically disallowed the type of partially mandatory sentence crafted by the trial court in the case sub judice, and, as R.C. 2929.01(FF) and R.C. 2929.20(C)(2) indicate, a

"stated term" is not necessarily synonymous with a "mandatory term." It is well-established that the sentencing provisions set forth in the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused. *See, e.g., State v. Fanti*, 147 Ohio App.3d 27, 30, 768 N.E.2d 718, 2001-Ohio-7028; R.C. 2901.04(A).

Accordingly, we decline to herein adopt our previous rationale in *Hess*. We find the trial court acted within its discretion in imposing a one-year "mandatory" term, which comports with R.C. 2903.08(D)(1) and is within the range of penalties for a third-degree felony, even though the "stated term" was ordered to be two years.

*State v. May, supra*, at ¶18-19.

{¶25} While not explicitly stated, I would find *State v. May* abrogated *Hess II*. This District has followed *State v. May* in *State v. Thompson*, 5th Dist. No. 10CAA020014, 2010-Ohio-5449 and *State v. Martin*, 5th Dist. No. 2011-CA-81, 2012-Ohio-1405. I reconsider my prior position in *Hess II* based on the analysis set forth in *State v. May, supra*, as have Judge Edwards and Judge Hoffman in *State v. May, supra* and *State v. Thompson, supra*, respectively.

{¶26} The trial court must sentence a defendant pursuant to Ohio sentencing laws. This Court decided *State v. May* on September 27, 2010, while the resentencing in the present case was pending before the trial court. Hess was resentenced on March 2, 2011 after our decision in *State v. May*. At the time of resentencing, this Court interpreted Ohio sentencing laws to permit a hybrid sentence. We find no error

for the trial court to follow the intervening guidance of *State v. May* in reimposing Hess's original sentence.

{¶27} Accordingly, I would overrule Hess's sole Assignment of Error.


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No. 11-CA-11 |
| JOHN W. HESS, JR. | : | |
| | : | |
| Defendant - Appellant | : | |
| | : | |

For the reason stated in our accompanying Opinion on file, this appeal is ordered dismissed. Costs assessed to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


HON. PATRICIA A. DELANEY

s/ Sheila G. Farmer
HON. SHEILA G. FARMER