**The STATE of Ohio, Appellee,**

v.

**FANTI, Appellant.**

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2001 AP 05 0037.

Decided Dec. 26, 2001.

Scott Mastin, Tuscarawas County Assistant Prosecuting Attorney, for appellee.

Derek Lowry, for appellant.

---

WISE, Judge.

{¶ 1} Appellant Gary D. Fanti appeals the decision of the Court of Common Pleas, Tuscarawas County, which imposed previously suspended sentences after finding appellant had violated his probation terms. The relevant facts leading to this appeal are as follows.

{¶ 2} On November 22, 1989, appellant pled guilty to eight of the nine counts in an amended indictment, including robbery and aggravated burglary. He was thereupon sentenced on the various counts as follows: Count One, robbery: four to fifteen years; Count Two, aggravated burglary: ten to twenty-five years; Count Three, aggravated burglary: ten to twenty-five years; Count Five, unauthorized use of a motor vehicle: six months; Count Six, unauthorized use of a motor vehicle: six months; Count Seven: robbery, eight to fifteen years; Count Eight: forgery, eighteen months; Count Nine: forgery, eighteen months. (A fourth count was apparently dismissed.) The court sentenced appellant to actual incarceration of four years, consecutive to an unrelated Stark County sentence, on Count One, robbery. In regard to the remaining counts, the court "deferred" imposition of sentence, but ordered five years' probation on the counts, with the probationary period "to begin after the completion of defendant's incarceration." Judgment Entry, January 31, 1990.

{¶ 3} Appellant was released from prison in 2000. On March 22, 2000, the court filed a judgment entry that set the parameters of appellant's probation, with certain terms and conditions. However, since that date, appellant has caused his probation to be revoked on two separate occasions.

{¶ 4} The first probation revocation commenced on May 4, 2000, when a motion to revoke probation was filed by the state after a representative from the Adult Parole Authority alleged that appellant had consumed alcohol, operated a motor vehicle while under the influence of alcohol, caused physical harm to another person, and failed to comply with the order of a police officer. The court subsequently revoked appellant's probation and imposed the suspended time on Counts Five and Six (unauthorized use of a motor vehicle), to run consecutively for a total of one year of incarceration. On December 8, 2000, appellant was again released and placed on five years of community control. (The court, in a nunc pro tunc entry, later corrected the references to "community control" to instead read that appellant had been placed on probation.)

{¶ 5} The second probation revocation commenced on January 26, 2001, when the state again filed a motion to revoke probation. The state therein alleged that on January 2, 2001, appellant broke the window of a parole authority automobile, escaped detention, and illegally entered a private residence. On March 5, 2001, appellant filed a motion to dismiss the pending probation violation proceeding, alleging that the trial court lacked jurisdiction to impose additional sanctions. The trial court overruled the motion to dismiss. On April 2, 2001, the court conducted an evidentiary hearing on the motion to revoke, during which appellant orally moved to dismiss. The trial court overruled appellant's oral motion. At the close of evidence, the trial court found that appellant had violated his probation based on the aforesaid events. In a judgment entry dated April 6, 2001, the court imposed the remainder of appellant's suspended sentence, ordering that appellant serve prison time on Counts Two and Three (aggravated burglary) of the 1989 convictions, i.e., ten to twenty-five years, to run consecutively. The court also ordered the eighteen-month sentences on Counts Eight and Nine (forgery) served concurrently therewith. In addition, appellant entered pleas to and was convicted of escape and burglary based on the events of January 2, 2001, and sentenced to two years on those charges.

{¶ 6} Appellant filed a notice of appeal on May 1, 2001. He herein raises the following sole assignment of error:

{¶ 7} I. "The trial court erred in imposing prison time for a probation violation where the court lacked jurisdiction."

I

{¶ 8} Appellant first argues that the applicable provisions of the Revised Code do not specifically provide for a prison sentence to be followed by an order of probation. He essentially argues that the pre–1996 statutory scheme for sentencing and probation allowed merely two options: either a suspended sentence with probation, or the imposition of actual incarceration time. If a trial court were to choose the latter option, he contends, the authority to monitor a defendant upon release from prison is solely granted to the Adult Parole Authority, pursuant to R.C. 5149.03. Appellant also cites *State v. Griffin* (1998), 131 Ohio App.3d 696, 723 N.E.2d 606, for the proposition that a court may not "toll" community control sanctions under current sentencing guidelines, and that tolling of probation under the circumstances of this case is likewise improper.

{¶ 9} The state in response urges the applicability of R.C. 2951.07, which reads:

{¶ 10} "* * * If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county

department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action."

{¶ 11} We observe the Griffin court specifically emphasized that R.C. 2951.07 pertains to probation and is not viable in community control cases, as the two concepts are different. Id. at 697–698, 723 N.E.2d 606. The sentences in the case sub judice utilize probation and predate the 1996 statutory changes regarding community control options. Appellant provides no case law calling into question the utilization of tolling under R.C. 2951.07 in this manner for pre–1996 offenses. Our research reveals some mention of the practice of sentencing defendants to incarceration on one count, and simultaneously ordering probation on the other counts to commence upon the defendant's release from prison. See State v. Harris (Feb. 28, 1998), Hamilton App. No. C–950326, 1996 WL 82478; State v. Drabic (June 28, 1995), Tuscarawas App. No. 94AP110083, 1995 WL 498701; State v. Staneart (Feb. 9, 1995), Tuscarawas App. No. 94AP040032, 1995 WL 156397. These cases, unfortunately, do not analyze the validity of this form of probation tolling per se.

{¶ 12} It is well established in Ohio that the General Assembly has the plenary power to prescribe crimes and fix penalties. State v. Morris (1978), 55 Ohio St.2d 101, 112, 9 O.O.3d 92, 378 N.E.2d 708. Arguably, if the trial court in the case sub judice had no power to grant this form of probation to appellant in 1989, its entry granting such probation could be considered void. See State v. Smith (1989), 42 Ohio St.3d 60, 64, 537 N.E.2d 198, citing Toledo Mun. Court v. State ex rel. Platter (1933), 126 Ohio St. 103, 184 N.E. 1. The phrase "any offense whatever" in R.C. 2951.07 would appear to include tolling for convictions rendered contemporaneously with the conviction for which incarceration was ordered. However, as appellant notes, the phrase "ceases to run" in R.C. 2951.07 suggests that probation tolling occurs only when the defendant commits an offense after probation has actually commenced. One appellate court has opined that " * * * this language operates to toll the probation period when the offender is confined on an unrelated charge subsequent to the offender's placement on probation." State v. Mixon (Feb. 4, 1988), Cuyahoga App. No. 53321, 1988 WL 11089. See, also, State ex rel. White v. Taylor (Mar. 21, 1994), Gallia App. No. 93CA2, 1994 WL 111331 (R.C. 2951.07 and 2951.09 hinge "on what a defendant has done while on probation").

{¶ 13} The sentencing provisions set forth in the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A); State v. Marine (2001), 141 Ohio App.3d 127, 134, 750 N.E.2d 194. We find that the language of R.C. 2951.07 permits tolling for

confinement caused by an offense only when the offense occurs subsequent to the commencement of the probation period. Therefore, the trial court's 1989 sentences of probation, despite the court's intent to extend their commencement to a future date, were not tolled by appellant's incarceration under count one of the 1989 convictions stemming from the same indictment, and the five-year limitation of the probation per R.C. 2951.07 had expired by the time the state filed the motion to revoke at issue. Appellant's argument that the trial court lacked further jurisdiction to revoke probation is well taken.

{¶ 14} The remaining issues raised by appellant are hereby rendered moot. Appellant's sole assignment of error is sustained.

{¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and vacated.

Judgment reversed.

GWIN, P.J., and FARMER, J., concur.