OPINION
{¶ 1} Appellant Levi Crace appeals the decision of the Court of Common Pleas, Fairfield County, which imposed community control sanctions stemming from a 1997 felony theft conviction. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 14, 1997, appellant pled guilty to one count of robbery, a felony of the third degree, and one count of theft, a felony of the fifth degree. These convictions were based on acts which occurred on or about January 17, 1997. Appellant was sentenced to four years on the robbery count, and eleven months on the theft count, with community control of five years ordered on the theft count as well. The trial court ordered said community control sanction to "begin upon the defendant's release from prison as to the prison sentence on [the] count [of robbery]." Sentencing Entry, May 19, 1997, at 3.
 {¶ 3} After appellant served his prison term for robbery, he reported to the Fairfield County Probation Department, and commenced his community control on January 16, 2001. Appellant was subsequently permitted to move to Tennessee to reside with family members.
 {¶ 4} On April 28, 2003, the State of Ohio filed a "motion to revoke," alleging appellant had violated Terms 3, 5, 8, and 10 of his community control sanctions by failing to maintain regular employment and "furnish a good day's work for his employer," by quitting or changing his employment without court approval or notification, by failing to maintain good behavior and obedience to the law, by failing to report to the court in person as directed by his probation officer, and by failing to pay his fine, court costs, and other obligations.
 {¶ 5} The trial court conducted a hearing on September 2, 2005. The court first reviewed appellant's contention that a report from the Tennessee Board of Probation and Parole violated his right to confrontation of witnesses pursuant to Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. The court overruled the Crawford claim. Tr., September 2, 2005, at 4-9. After hearing the testimony of Jennifer Konkler of the Fairfield Adult Probation Department, the court concluded by a preponderance of the evidence that appellant had failed to report as required by the terms of his community control, and that the Tennessee "courtesy supervision" was terminated in part because appellant had failed to report in that state. Tr., September 2, 2005, at 96. The court also found by a preponderance of the evidence that appellant had failed to pay fines, costs, and restitution.
 {¶ 6} The trial court thereupon revoked appellant's community control sanction, and ordered the remainder of his prison sentence into effect. Execution of sentence was stayed pending appellant's planned appeal. A judgment entry of revocation was filed on September 8, 2005.
 {¶ 7} On September 20, 2005, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT LACKED JURISDICTION TO REVOKE THE DEFENDANT'S PROBATION FOR THE MOTION TO REVOKE WAS NOT FILED WITHIN THE FIVE YEAR LIMITATION OF PROBATION OF OHIO REVISED CODE SECTION 2951.07 AND THIS COURT'S DECISION IN STATE V. FANTI.
 {¶ 9} "II. THE TRIAL COURT'S DECISION TO PERMIT A FAIRFIELD COUNTY PROBATION OFFICER TO TESTIFY REGARDING THE DEFENDANT'S ALLEGED VIOLATIONS FROM A TENNESSEE PROBATION DEPARTMENT WITH COURTESY SUPERVISION OF DEFENDANT'S PROBATION VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS OF CONFRONTATION AND DUE PROCESS.
 I. {¶ 10} In his First Assignment of Error, appellant argues the trial court lacked jurisdiction to revoke his community control pursuant to R.C. 2951.07. We disagree.
 {¶ 11} Appellant contends that his case is on point with our decision in State v. Fanti (2001), 147 Ohio App.3d 27,768 N.E.2d 718, wherein we reversed a defendant's revocation of probation on the basis that the five-year limitation of probation in former R.C. 2951.07[1] had expired by the time the State filed its motion to revoke, and that no statutory "tolling" had occurred. Id. at 30-31. However, in that case, Mr. Fanti's sentences stemmed from convictions in 1989, and thus predated Ohio's sweeping felony sentencing revisions pursuant to Am.Sub.S.B. No. 2 in 1996. Under S.B. 2, among other things, community control replaced probation as a possible sentence under Ohio's felony sentencing law. See State v. Talty,103 Ohio St.3d 177, 181, 814 N.E.2d 1201, 1205, citing Cleveland BarAssn. v. Cleary (2001), 93 Ohio St.3d 191, 192, 754 N.E.2d 235, fn. 1.
 {¶ 12} As we specifically noted in Fanti, probation and community control are two different concepts. Id. at 30, citingState v. Griffin (1998), 131 Ohio App.3d 696, 697-698,723 N.E.2d 606. Under Ohio's post-1996 sentencing scheme, specifically R.C. 2929.13(A), we have repeatedly held that a trial court has the authority to impose a blended sentence of prison time and community control. See State v. Kinder,
Delaware App. No. 03CAA12075, 2004-Ohio-4340; State v. O'Connor,
Delaware App. No. 04CAA04-028, 2004-Ohio-6752; State v. Hughett,
Delaware App. No. 04CAA06051, 2004-Ohio-6207.
 {¶ 13} Accordingly, we find the jurisdictional rationale ofFanti inapposite to appellant's S.B. 2 community control sanctions, and therefore hold the trial court did not err in granting the State's motion to revoke.
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant contends the allowance of Probation Officer Konkler's testimony, regarding appellant's Tennessee probation department record, violated his constitutional rights to confrontation of witnesses and due process. We disagree.
 Sixth Amendment Confrontation of Witnesses {¶ 16} The Confrontation Clause of the Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." In Crawford v.Washington, supra, the United States Supreme Court held that testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify, and the defendant has had a prior opportunity for cross-examination.
 {¶ 17} Our research does not reveal any Ohio caselaw applyingCrawford to community control revocation hearings. Courts in other states, however, have addressed the issue and foundCrawford indeed does not apply in such proceedings. See Statev. Abd-Rahmaan (2005), 154 Wash.2d 280, 111 P.3d 1157; Petersv. State (Fla. 2005), 919 So.2d 624, 626.
 {¶ 18} Crawford expressly addresses an issue involving the Confrontation Clause of the Sixth Amendment. See, e.g., State v.Douglas, Marion App. No. 9-05-24, 2005-Ohio-6304, ¶ 39. We have previously recognized that the confrontation right at issue in revocation cases does not arise by virtue of the substantive provisions of the Sixth Amendment, but is rather a procedural protection guaranteed by the Fourteenth Amendment. State v.Willis, Fairfield App. No. 05 CA 42, 2005-Ohio-6947, ¶ 12, citingColumbus v. Lacy (1988), 46 Ohio App.3d 161, 546 N.E.2d 161. Appellant's claim of a violation of his constitutional right to confrontation is without merit.
 Due Process {¶ 19} In Gagnon v. Scarpelli (1973), 411 U.S. 778, 786,93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements of Morrissey v. Brewer
(1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 20} "`(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" Id., citing Morrissey, supra, at 489.
 {¶ 21} In State v. Miller (1975), 42 Ohio St.2d 102,326 N.E.2d 259, the Ohio Supreme Court, applying Morrissey andGagnon, held that where a probation officer who did not prepare the entries in the probation department record is permitted to testify at a revocation hearing as to the contents of that record, and the probation officer who prepared the entries does not appear, there is a denial of the probationer's right to confront the witnesses against him, and, where the record does not show that the probation officer who prepared the entries was unavailable or that a specific finding was made of good cause for not allowing confrontation, there is a denial of the minimum requirements of due process of law required for probation revocation proceedings. Id. at 260.
 {¶ 22} Nonetheless, harmless error analysis applies to issues of community control revocation. See Willis, supra, ¶ 15;State v. Smith (Nov. 14, 1990), Scioto App. No. CA 1847. In the case sub judice, regardless of Ms. Konkler's testimony regarding the probation violations Appellant committed while he was in Tennessee, Ms. Konkler also testified to Appellant's failure to comply with the terms and conditions of his community control sanction in Ohio. Specifically, Appellant failed to pay the fines, costs, and restitution that Appellant owed in Ohio. (Tr. 32-33, 57-59). Any error that the trial court may have committed by permitting Ms. Konkler to testify regarding the violations of community control committed in Tennessee is harmless because the trial court also found that appellant violated certain terms of his community control in Ohio based on Konkler's testimony.
 {¶ 23} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to appellant.
[1] R.C. 2951.07 has since been rewritten by 2002 H 490, effective 1-1-04.