[Cite as *State v. Owens*, 2012-Ohio-1722.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

RONALD K. OWENS

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2011 CA 0008


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 06 CR 0081, 06 CR 0120 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 18, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
| --- | --- |
| CHARLES HOWLAND | DAVID BIRCH |
| PROSECUTING ATTORNEY | 2 West Winter Street |
| JOCELYN STEFANCIN | Delaware, Ohio 43015 |
| ASSISTANT PROSECUTOR | |
| 60 East High Street | |
| Mt. Gilead, Ohio 43338 | |

*Wise, J.*

**{¶1}** Appellant Ronald K. Owens appeals the decision of the Court of Common Pleas, Morrow County, which ordered him to serve a term in prison upon revocation of community control. The relevant procedural facts leading to this appeal are as follows.

**{¶2}** In April 2007, appellant pled guilty in the Morrow County Court of Common Pleas to one count of drug possession, a fifth-degree felony. The trial court accepted appellant's plea and thereupon sentenced him to community control sanctions.

**{¶3}** On May 15, 2011, appellant was stopped by Officer Keith Jackson in Westerville, Ohio, for displaying expired license plates. A search of appellant's vehicle ensued, as further discussed infra.

**{¶4}** On May 26, 2011, the State filed a motion to revoke appellant's community control. The State therein alleged that (1) appellant had possessed narcotics or controlled substances, (2) appellant had committed additional crimes, (3) appellant had been under the influence of alcohol, and (4) appellant had not completed his community service as ordered by the court.

**{¶5}** A hearing on the motion to revoke was conducted on June 3, 2011. The State called Officer Jackson as its sole witness. Following the hearing, the court found that appellant had violated the terms and conditions of community control, and the court imposed a prison sentence of eleven months. A judgment entry was issued on June 17, 2011.

**{¶6}** On July 13, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶7}** "I. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT VIOLATED HIS COMMUNITY CONTROL CONDITIONS IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I.

**{¶8}** In his sole Assignment of Error, appellant contends the trial court erred and violated his due process rights in finding him in violation of his community control sanctions. We disagree.

**{¶9}** "The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Russell,* Lake App.No. 2008-L-142, 2009-Ohio-3147, ¶ 7, quoting *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. See *State v. Stockdale* (Sept. 26, 1997), Lake App. No. 96-L-172. The weight to

be given to the evidence and the credibility of the witnesses are issues for the trier of fact. See, *e.g., State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180. Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion. *State v. Wolfson* (May 25, 2004), Lawrence App. No. 03CA25, 2004-Ohio-2750, ¶ 7-¶ 8; *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45, 1998 WL 377768.

**{¶10}** Generally, probation revocation hearings are not subject to the rules of evidence. *State v. Redick*, Fairfield App.No. 08 CA 73, 2009-Ohio-3850, ¶ 11. Additionally, the Sixth Amendment right to confront witnesses, particularly as interpreted under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, does not apply to community control revocation hearings. See *State v. Crace,* Fairfield App.No. 05CA93, 2006-Ohio-3027, ¶ 18. In such hearings, the right to confrontation is a procedural protection under the Fourteenth Amendment.  Id.

**{¶11}** As set forth by the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656, the due process requirements of *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, with regard to parole violation hearings, are applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:

**{¶12}** " '(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to

confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.' " *Id.,* citing *Morrissey,* supra, at 489.

**{¶13}** In the case sub judice, the trial court heard testimony from Officer Jackson at the hearing on June 3, 2011. Officer Jackson testified that while on patrol on May 15, 2011, he ran appellant's tag number and registration and found them to be expired. Tr. at 15. Officer Jackson recalled that he pulled alongside appellant's vehicle at a stop light and observed appellant as the operator. Id. The officer subsequently pulled back, and then caught up and activated his overhead lights. Tr. at 15, 16. Appellant's vehicle slowed down, but then "kind of shot across three lanes of traffic" and proceeded down a service road. Tr. at 16. After making a stop of the vehicle at a dead end, Officer Jackson detected an odor of alcohol coming from appellant's person. Tr. at 17. The officer then asked appellant to submit to field sobriety testing. Id. According to Jackson, appellant replied: "This ain't my first rodeo, I'm pleading the fifth. I'm not taking any of your tests or answering any questions." Tr. at 18. Officer Jackson testified that he looked at the substance another officer found while subsequently searching appellant's vehicle. Tr. at 18-19. The substance was recognized by Officer Jackson as crack cocaine. Tr. at 19. He also testified that a fellow officer brought field test results to him, indicating the presence of cocaine. Tr. at 20. Officer Jackson described how a field test is completed and what the test results indicate. Tr. at 20-21.

**{¶14}** Officer Jackson further related that he transported appellant to the police station and attempted to read the defendant the BMV 2255 form. Tr. at 21, 22. Officer Jackson noted that when he began to read the form aloud, appellant placed his hands over his ears and started saying "blah, blah, blah." Tr. at 22.

**{¶15}** Appellant's essential claim in the present appeal is that Officer Jackson's testimony was not sufficiently based on first-hand knowledge and thus did not afford minimum due process guarantees under *Gagnon*, supra. However, upon review, we find there was sufficient evidence that appellant violated the terms of his community control by, at minimum, possessing illegal drugs and consuming alcohol, and the trial court did not abuse its discretion or violate appellant's due process rights in its decision to revoke community control sanctions.

**{¶16}** Appellant's sole Assignment of Error is overruled.

**{¶17}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0327

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
RONALD K. OWENS                        :
                                       :
    Defendant-Appellant            :          Case No. 2011 CA 0008


    For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.

    Costs assessed to appellant.


                                _____


                                _____


                                _____

                                      JUDGES