[Cite as *State v. Reynolds*, 2012-Ohio-5956.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12 CA 7 |
| DARL R. REYNOLDS, SR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No. 10 CR 497


JUDGMENT:                    Affirmed in Part; Reversed in Part and
                             Remanded


DATE OF JUDGMENT ENTRY:      December 10, 2012


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GREGG MARX                            RUSSELL S. BENSING
PROSECUTING ATTORNEY                  1370 Ontario Street
JOCELYN S. KELLY                      1350 Standard Building
ASSISTANT PROSECUTOR                  Cleveland, Ohio  44135
239 West Main Street
Suite 101                             BRADLEY KOFFEL
Lancaster, Ohio  43130                THE KOFFEL LAW FIRM
                                      1801 Watermark Drive, Suite 350
                                      Columbus, Ohio  43215

*Wise, J.*

{¶1}   Appellant Darl R. Reynolds, Sr., aka Rick Reynolds, appeals his multiple-count drug trafficking conviction and sentence in the Court of Common Pleas, Fairfield County.  The relevant facts leading to this appeal are as follows.

{¶2}   On December 17, 2010, the Fairfield County Grand Jury indicted appellant on seven counts of drug trafficking under R.C 2925.03, including one count of aggravated trafficking in drugs (a felony of the second degree), five counts of aggravated trafficking in drugs (a felony of the third degree), and one count of aggravated trafficking in drugs (a felony of the fourth degree). These counts were based on allegations of several incidents of appellant trafficking in Oxycodone Hydrochloride, a Schedule II controlled substance, and Oxymorphone, a Schedule II controlled substance, in August and September 2010.

{¶3}   Pursuant to a negotiated plea agreement, appellant pled guilty to an amended indictment charging him with seven counts of aggravated trafficking in drugs, R. C. 2925.03(A)(1) and 2925.03(C)(1)(a), all felonies of the fourth degree. A contested sentencing hearing was held. The State recommended seventeen months in prison on each count, to be served consecutively, with prison imposed for three counts and suspended for four counts. Appellant argued to have all prison terms suspended for community control.

{¶4}   The trial court, via a judgment entry filed February 3, 2012, sentenced appellant to twelve months of imprisonment on each count, to be served consecutively, with credit for two days previously served. Five of the sentences were suspended for a term of community control, to begin upon completion of the remaining prison terms.

The court also ordered a driver's license suspension of six months on each count, to be run consecutively.

{¶5} On February 10, 2012, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING DEFENDANT TO CONSECUTIVE TERMS OF IMPRISONMENT WITHOUT MAKING FINDINGS AT THE TIME OF THE SENTENCING HEARING, AND WITHOUT GIVING REASONS FOR THE FINDINGS IN THE JOURNAL ENTRY OF SENTENCING, AS REQUIRED BY R.C. §2929.14(C)(4).

{¶7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING CONSECUTIVE DRIVERS LICENSE SUSPENSIONS UNDER R.C. §2925.03(G)."

I.

{¶8} In his First Assignment of Error, appellant contends the trial court erred in ordering consecutive sentences without making proper findings and reasons under R.C. 2929.14(C)(4). We disagree.

{¶9} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. The second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

**{¶10}** Furthermore, in the case sub judice, H.B. 86 (effective September 30, 2011) controls the consecutive sentencing issues presented by appellant, who was sentenced on January 25, 2012 (with a sentencing judgment entry filed February 3, 2012). We note H.B. 86 amended, inter alia, R.C. 2929.14(E)(4), (now subsection (C)(4)), which now reads:

**{¶11}** "(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶12}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶13}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶14}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶15}** Thus, although the enactment of H.B. 86 and the language of R.C. 2929.14(C)(4) now require trial courts to make factual findings when imposing consecutive sentences, the new provisions do not require a sentencing court to give reasons for imposing consecutive sentences akin to those once required by the Ohio Supreme Court's holding in *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473, 2003–Ohio–4165. *State v. Bradley*, Stark App.No. 2012CA00011, 2012-Ohio-4787, ¶ 39-¶ 40, citing *State v. Frasca,* Trumbull App.No. 2011–T–0108, 2012–Ohio–3746, ¶ 56-¶ 57 (additional citations omitted).

**{¶16}** The judgment entry of sentencing in the case sub judice reads in pertinent part as follows:

**{¶17}** "The Court ordered that said sentences are to be served consecutively to each other. The Court found on record that it did consider all the law required to be considered regarding the imposition of consecutive sentencing, and accordingly found consecutive sentencing is appropriate in the present case. This included consideration of Revised Code §2929.14(C)(4). Based on the Court's statements on the record, the Court found that such consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Section 2929.14 also requires the Court to find at least one of three factors listed under Revised Code §2929.14(C)(4)(a), (b) or (c) applicable to impose consecutive sentencing. Neither paragraph a nor paragraph c applied as

the hearing record reflected that Defendant had no prior history of criminal conduct, and thus did not commit the offenses while awaiting trial or sentencing or while under a court imposed sanction or post-release control. Based on the Court's statements on the record of considering all relevant statutes, the Court by reference found the remaining paragraph §2929.14(C)(4)(b) applicable and accordingly found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as any part of the courses of conduct adequately reflects the seriousness of the offender's conduct."

**{¶18}** Judgment Entry, February 3, 2012, at 4-5.

**{¶19}** Upon review, we hold the trial court adequately made the findings, in the sentencing entry, required by R.C. 2929.14(C)(4) in considering appellant's total sentence and did not abuse its discretion in reaching its decision.

**{¶20}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶21}** In his Second Assignment of Error, appellant contends the trial court erred in imposing consecutive drivers license suspensions (six months for each of the seven counts) under R.C. 2925.03(G). We agree.

**{¶22}** R.C. 2925.03(G) reads as follows: "When required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or

permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter. * * *"

**{¶23}** Clearly, a driver's license suspension serves several legislative goals, including being "an effective means to protect other drivers and passengers on the roads and to deter future drug use and punish offenders." *See State* v. *Thompkins* (1996)*,* 75 Ohio St. 3d 558, 561, 664 N.E.2d 926. However, it is well-established that the sentencing provisions set forth in the Revised Code are to be strictly construed against the State and liberally construed in favor of the accused. *See, e.g., State v. Fanti,* 147 Ohio App.3d 27, 30, 768 N.E.2d 718, 2001-Ohio-7028; R.C. 2901.04(A).

**{¶24}** We note the Second District Court of Appeals, addressing this same issue in *State v. Phinizee*, Clark App.No. 95-CA-54, 1996 WL 391722, concluded that while consecutive sentences of imprisonment are expressly provided for in R.C. 2929.41(B), there was no express provision for consecutive driver's license suspensions in former R.C. 2925.03(M), which utilized virtually the same "not less than six months or more than five years" language. We are cognizant the case sub judice involved a negotiated plea arrangement with a contested sentence hearing; however, upon review, we apply similar reasoning and find reversible error in the trial court's order of consecutive license suspensions.

**{¶25}** Appellant's Second Assignment of Error is therefore sustained.

**{¶26}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed in part, reversed in part, and remanded to the trial court to further review appellant's driver's license suspension.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1031

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
DARL R. REYNOLDS, SR.                            :
                                                 :
    Defendant-Appellant                      :                    Case No. 12 CA 7


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split between the parties.


                                           _____


                                           _____


                                           _____

                                                       JUDGES