[Cite as *State v. Hollie*, 2024-Ohio-2096.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | Case No. 23CA000029 |
| DEVINNE HOLLIE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Guernsey County Court of
                              Common Pleas, Case No. 22-CR-265

                              Affirmed in part, reversed in part,
JUDGMENT:                     remanded

DATE OF JUDGMENT ENTRY:       May 30, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

LINDSEY ANGLER                        GREGORY SCOTT ROBEY
Guernsey County Prosecuting Attorney  Robey & Robey
                                      14402 Granger Road
JASON R. FARLEY                       Cleveland, Ohio 44137
Assistant Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

*Hoffman, J.*

{¶1} Defendant-appellant Devinne P. Hollie appeals the judgment entered by the Guernsey County Common Pleas Court convicting her following her pleas of no contest to possession of cocaine (R.C. 2925.11(C)(4)(F)) with a forfeiture specification (R.C. 2941.1417(A)) and a major drug offender specification (R.C. 2941.1410(A)), illegal conveyance of drugs of abuse onto grounds of a specified governmental facility (R.C. 2921.36(A)(2)), and possession of a fentanyl-related compound (R.C. 2925.11(C)(11)(c)), and sentencing her to an aggregate term of incarceration of fifteen to twenty and one-half years. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On December 21, 2022, Detective Brian Carpenter of the Guernsey County Sheriff's Department was conducting interdiction in the area of Interstates 70 and 77 in Guernsey County. While observing eastbound traffic on I-70 just past the I-77 split, he observed a 2015 Ford sedan.

{¶3} The vehicle was traveling in the left lane. The officer observed the front of the vehicle dip as if the driver was braking hard. Detective Carpenter could not see the driver's face, as it was concealed behind the B-pillar of the vehicle. Because it was a small vehicle, he normally would be able to see an individual's face or body.

{¶4} Detective Carpenter pulled out behind the vehicle. The vehicle then moved into the right lane, behind a dump truck loaded with gravel. The vehicle traveled one to one and one-half car lengths behind the loaded dump truck. Detective Carpenter stopped the vehicle for following too closely.

{¶5}    Appellant was the driver of the vehicle.  She produced a driver's license, but could not produce a vehicle registration and proof of insurance.  Appellant told the officer the vehicle was a rental, but she owned the rental company.

{¶6}    The officer noticed three cell phones in the cup holder of the vehicle, including an older style "flip phone."  The officer asked Appellant for consent to search the vehicle, and Appellant granted consent.  The officer found suspected drugs, later determined to be a fentanyl-related compound, under the steering column.  When Appellant was processed at the jail, cocaine was discovered under the bodysuit she was wearing.

{¶7}    Appellant was indicted by the Guernsey County Grand Jury with trafficking in cocaine, possession of cocaine with a forfeiture specification and a major drug offender specification, illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, and possession of a fentanyl-related compound.

{¶8}    Appellant moved to suppress the drugs on the basis the officer lacked a reasonable suspicion of criminal activity to stop her car, and further lacked probable cause to search the vehicle.  The trial court overruled the motion, finding the officer had cause to stop the vehicle for following too closely, and Appellant gave valid consent to search the vehicle.

{¶9}    Pursuant to a negotiated plea, Appellant then entered a plea of no contest to the charges of possession of cocaine with forfeiture and major drug offender specifications, illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, and possession of a fentanyl-related compound.  The trafficking charge was dismissed.  The trial court convicted Appellant based upon her pleas, and

sentenced her to an aggregate term of incarceration of fifteen to twenty and one-half years. The trial court imposed a driver's license suspension of five years for possession of cocaine and five years for possession of a fentanyl-related compound, for a total license suspension of ten years.

{¶10} It is from the September 12, 2023 judgment of conviction of sentence Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN DENYING THE MOTION TO SUPPRESS EVIDENCE; BECAUSE, THE STATE FAILED TO DEMONSTRATE INDICIA OF CRIMINAL ACTIVITY WHICH WOULD RISE TO THE LEVEL OF REASONABLE SUSPICION OR PROBABLE CAUSE, THEREFORE, THE DETENTION OF THE APPELLANT AND SUBSEQUENT SEARCH WAS UNLAWFUL.

{¶11} On February 28, 2024, this Court granted Appellant leave to file a supplemental brief, in which she has assigned as error:[1]

II. THE TRIAL COURT ERRED WHEN IT IMPOSED AN AGGREGATE INDEFINITE PRISON TERM OF 15-20.5 YEARS, WHICH IS NOT SUPPORTED BY THE RECORD.

---

[1] The State did not file a response to the supplemental brief.

III. THE TRIAL COURT ERRED WHEN IT IMPOSED A CONSECUTIVE SENTENCE THAT IS NOT SUPPORTED BY THE RECORD.

IV. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO TIME [SIC] FILE A MOTION TO WAIVE MANDATORY DRUG FINE AND COSTS, BASED UPON INDIGENCY, PRIOR TO THE SENTENCING HEARING.

V. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO MOVE FOR A DISMISSAL OF THE CHARGES BASED UPON THE DESTRUCTION OF VIDEO EVIDENCE OF THE STOP AND ARREST.

VI. THE TRIAL COURT ERRED WHEN IT IMPOSED AN AGGREGATED 10 YEAR DRIVER'S LICENSE SUSPENSION THAT IS CONTRARY TO LAW.

I.

{¶12} In her first assignment of error, Appellant argues the trial court erred in overruling her motion to suppress because Detective Carpenter lacked a reasonable suspicion of criminal activity to stop her vehicle, and lacked probable cause to search her vehicle.

{¶13} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of

fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

**{¶14}** Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, an occupant is or has been engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson*, 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist. 1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid.

*Dayton v. Erickson*, 76 Ohio St.3d 3, 9, 665 N.E.2d 1091 (1996). In sum, " '* * * if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.' " *State v. Adams*, 5th Dist. Licking No. 15 CA 6, 2015-Ohio-3786, 2015 WL 5478251, ¶ 23, *quoting State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 8.

**{¶15}** R.C. 4511.34(A) provides in pertinent part, "The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."

**{¶16}** Detective Carpenter testified he observed Appellant travel behind a dump truck loaded with gravel, leaving one to one and one-half car lengths between her vehicle and the truck. Supp. Tr. 17. He testified their speeds were around 60 miles per hour. *Id.* He testified he pulled her over for following too closely. We find the trial court did not err in concluding the officer had a reasonable suspicion of criminal activity to justify stopping Appellant's vehicle, based on the traffic violation.

**{¶17}** Appellant also argues the officer lacked probable cause to search the vehicle. However, the trial court found Appellant consented to the search of the vehicle, and Appellant does not challenge the trial court's finding of consent. We therefore find the search of the vehicle was valid based on Appellant's consent to search the vehicle.

**{¶18}** The first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, Appellant argues the trial court's aggregate sentence of fifteen to twenty and one-half years is not supported by the record.

**{¶20}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶21}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶22}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be

"commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶23}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶24}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶25}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶26}** Appellant argues the trial court failed to consider a number of sentencing factors under R.C. 2929.12, and also gave unfair weight to the weight of the drugs found in Appellant's car and on her person. However, this Court is without authority to reweigh

the sentencing factors and substitute our judgment for that of the trial court. *Jones, supra.* The trial court stated it considered the principles and purposes of sentencing under R.C. 2929.11 and weighed the factors set forth in R.C. 2929.12, and sentenced Appellant within the statutory range. We find the sentence is not clearly and convincingly contrary to law.

{¶27} The second assignment of error is overruled.

III.

{¶28} In her third assignment of error, Appellant argues the trial court erred in sentencing her to consecutive sentences. Appellant specifically argues the trial court found the offenses were committed while Appellant was awaiting trial, upon a court sanction, or on post-release control, and failed to give its reasons why consecutive sentences were not disproportionate to the seriousness of the offenses.

{¶29} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶30} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶31} The trial court was not required to state its reasons for finding consecutive sentences were not disproportionate to the seriousness of Appellant's offenses. Further, Appellant cites not authority for her proposition the trial court was specifically required to state what sanction she was under at the time of the offenses pursuant to R.C. 2929.14(C)(4)(a). It was undisputed Appellant was under a community control sanction for a federal offense at the time the offenses were committed. The State represented to the trial court Appellant was under a community control sanction in federal court. Sent.

Tr. 50.   When the trial court asked what the federal conviction was for, counsel for Appellant informed the court it was for check fraud.   Sent. Tr. 51.   We find the trial court did not err in its imposition of consecutive sentences.

IV.

**{¶32}** In her fourth assignment of error, Appellant argues trial counsel was ineffective for failing to file a motion to waive the mandatory drug fine and costs based upon her indigency.

**{¶33}**  A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.   *Id.*

**{¶34}**  R.C. 2929.18(B)(1) provides:

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender

alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶35}  As this Court noted in *State v. Redden*, 5th Dist. Ashland No. 19-COA-026, 152 N.E.3d 919, 2020-Ohio-878, ¶46, "A number of Ohio courts have recognized that failure to file an affidavit of indigency, under the right circumstances, can constitute prejudicial error. *E.g., State v. Mendoza*, 6th Dist. Lucas App. No. L-94-242, 1995 WL 413143, at 3 (July 14, 1995); *State v. Joy,* 4th Dist. Lawrence App. Nos. 92 CA 24, 92 CA 30, 1993 WL 491325, at 3 (Nov. 24, 1993); *State v. Creech,* 4th Dist. Scioto App. No. 92 CA 2053, 1993 WL 235566 at 6 (June 29, 1993)."  If the record reflects a reasonable probability the trial court would have waived the fine had an affidavit been properly filed, a finding of ineffective assistance of counsel may be appropriate. *Id.* at ¶ 47, *quoting State v. Sheffield*, 2nd Dist. Montgomery App. No. 20029, 2004-Ohio-3099, 2004 WL 1351161, at ¶ 14. *See State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 16.

{¶36}  However, the filing of an affidavit of indigency is not necessarily conclusive evidence of ineffective assistance.  Even if an affidavit of indigency is timely and properly filed, a defendant "is not automatically entitled to waiver of that fine." *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687 N.E.2d 750. There must be a showing a

defendant is unable to pay the fines, and there is no affirmative duty on the trial court to make a finding that a defendant is able to pay. *Id.* at syllabus.

**{¶37}** In the instant case, Appellant was represented by retained counsel in the trial court, and was for the first time appointed counsel for purposes of appeal. After appointed counsel filed a brief, this Court received a motion to file a supplemental brief. In the motion, counsel for Appellant indicated he had been retained on November 13, 2023, and was unaware appointed counsel filed a brief on November 20, 2023. Motion, February 4, 2024. The record does not include an affidavit of indigency at any point in the proceedings. In addition, at the time of the traffic stop, Appellant indicated to Detective Carpenter she owned a car rental company. Nothing in the record suggests Appellant was indigent or unable to pay the mandatory fine and costs. We find Appellant has not demonstrated a reasonable probability had counsel filed a motion to waive the fine and costs, the motion would have been granted, and we find counsel was not ineffective.

**{¶38}** The fourth assignment of error is overruled.

V.

**{¶39}** In her fifth assignment of error, Appellant argues counsel was ineffective for failing to move for dismissal of the charges based on the destruction of the body camera video evidence by the State.

**{¶40}** The record does not support Appellant's claim Detective Carpenter's body camera video was destroyed by the State. Detective Carpenter testified he was driving a vehicle which was not equipped with a dash camera. Supp. Tr. 29. The detective testified he was wearing a body camera which he believed was operational, but when he tried to upload the video from the camera, no video was present on the camera. Supp.

Tr. 27. The body camera video from another officer who arrived on the scene demonstrated the indicator light on Detective Carpenter's camera was blinking, which would indicate it was operational. Supp. Tr. 27-28. Ultimately, the body camera was sent to the manufacturer, Axon, for review. Axon determined there were no recorded files on the body cam of the stop. Supp. Tr. 28. Because the record does not demonstrate video evidence was destroyed, we find Appellant has not demonstrated a reasonable probability of a change in the outcome had trial counsel moved to preserve the video or to dismiss the charges for destruction of the video.

**{¶41}** The fifth assignment of error is overruled.

VI.

**{¶42}** In her sixth assignment of error, Appellant argues the trial court erred in "stacking" two five year driver's license suspensions based on her two convictions of possession of drugs.

**{¶43}** R.C. 2925.11(E) provides in pertinent part:

In addition to any prison term or jail term authorized or required by division (C) of this section and sections 2929.13, 2929.14, 2929.22, 2929.24, and 2929.25 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section, sections 2929.11 to 2929.18, or sections 2929.21 to 2929.28 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section may suspend the offender's driver's or commercial driver's license or permit for not more than five years.

**{¶44}** This Court has previously found a trial court was without authority to impose consecutive license suspensions for violation of a similar statutory provision related to trafficking in drugs:

R.C. 2925.03(G) reads as follows: "When required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter. * * * "

Clearly, a driver's license suspension serves several legislative goals, including being "an effective means to protect other drivers and passengers on the roads and to deter future drug use and punish offenders." *See State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926. However, it is well-established that the sentencing provisions set forth in the Revised Code are to be strictly construed against the State and liberally construed in favor of the accused. *See, e.g., State v. Fanti*, 147 Ohio App.3d 27, 30, 768 N.E.2d 718, 2001–Ohio–7028; R.C. 2901.04(A).

We note the Second District Court of Appeals, addressing this same issue in *State v. Phinizee*, Clark App. No. 95–CA–54, 1996 WL 391722, concluded that while consecutive sentences of imprisonment are expressly provided for in R.C. 2929.41(B), there was no express provision for consecutive driver's license suspensions in former R.C. 2925.03(M), which

utilized virtually the same "not less than six months or more than five years" language. We are cognizant the case sub judice involved a negotiated plea arrangement with a contested sentence hearing; however, upon review, we apply similar reasoning and find reversible error in the trial court's order of consecutive license suspensions.

**{¶45}** *State v. Reynolds*, 5th Dist. Fairfield No. 12 CA 7, 2012-Ohio-5956, ¶¶ 22-23.

**{¶46}** R.C.2925.11(E) provides the trial court may suspend Appellant's driver's license for "not more than five years."  There is no provision for consecutive license suspensions.  For the reasons stated in *Reynolds, supra*, we find the trial court erred in imposing two driver's license suspensions consecutively, for a total of ten years.  The sixth assignment of error is sustained.

**{¶47}** The judgments of conviction of the Guernsey County Common Pleas Court are affirmed.  The sentences are affirmed in all respects with the exception of the driver's license suspensions.  This case is remanded to that court for reconsideration of Appellant's driver's license suspensions, according to law and consistent with this opinion.

By: Hoffman, J.
Delaney, P.J.  and
Gwin, J. concur