[Cite as *State v. Stephens*, 2013-Ohio-3944.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-30 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-695 |
| v. | : | |
| HASHIM STEPHENS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 13th day of September, 2013.

· · · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
　　　Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. #0081882, Adrian King Law Office, LLC, Post Office Box 302, Xenia, Ohio 45385
　　　Attorney for Defendant-Appellant

· · · · · · · · · · · · ·

FAIN, P.J.

{¶ 1} Defendant-appellant Hashim Stephens appeals from his conviction and sentence for one count of Trafficking in Cocaine, a felony of the third degree, and one count of Failure to Comply, a felony of the third degree. The trial court, as part of its sentence, imposed a two-year

driver's license suspension for Trafficking in Cocaine, and a three-year driver's license suspension for Failure to Comply, for a total suspension of five years.

{¶ 2}    Stephens contends that the trial court erred by ordering his driver's license suspensions to be served consecutively.  We agree.  That part of the judgment of the trial court is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for the re-imposition of driver's license suspensions.


## I.    The Course of Proceedings

{¶ 3}    Stephens was charged by indictment with Trafficking in Crack Cocaine, in an amount greater than ten grams, but less than twenty-five grams, in violation of R.C. 2925.03(A)(2), a felony of the third degree; Possession of Crack Cocaine, in an amount greater than ten grams, but less than twenty-five grams, in violation of R.C. 2925.11(A); Trafficking in Marijuana, in an amount less than 200 grams, in violation of R.C. 2925.03(A)(2); Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B) and 2921.331(C)(5), a felony of the third degree; and Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B) and 2921.331(C)(4).

{¶ 4}    Pursuant to a plea bargain, Stephens pled guilty to Trafficking in Crack Cocaine and to one count of Failure to Comply, and the other counts in the indictment were dismissed. Consistently with the plea bargain, Stephens was sentenced to imprisonment for eighteen months on each count, to run consecutively to one another, and also to a two-year sentence that had been imposed in another case.  Stephens was fined $5,000, and  $1,725, which had apparently been found on his person, was ordered forfeited, but was credited against his fine.

{¶ 5}     The plea agreement was silent on the issue of driver's license suspension.  The Trafficking offense provides for a license suspension for a definite period time of not less than six months, nor more than five years.  R.C. 2925.03(D) and 2925.03(G).  The Failure to Comply offense provides for suspension for a definite period of time of not less than three years, up to life.  R.C. 2921.331(E), 4510.02(A)(2).  The trial court ordered the suspension of Stephens's license for two years on the Trafficking count, and for three years on the Failure to Comply count, for a total suspension of five years.

{¶ 6}     Stephens appealed from the judgment of the trial court.  His assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he had not found any potential assignments of error having arguable merit.

{¶ 7}     By entry herein dated April 18, 2013, we rejected the *Anders* brief, finding a potential assignment of error based upon the imposition of consecutive driver's license suspensions.  New appellate counsel has filed a brief setting forth the following as Stephens's sole assignment of error:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE DRIVERS LICENSE SUSPENSIONS (TWO YEARS FOR COUNT I AND THREE YEARS FOR COUNT IV) UNDER THE APPLICABLE SENTENCING STATUTES.

**II.   The Imposition of Consecutive Driver's License**

**Suspensions Is Not Authorized by Statute**

{¶ 8} Stephens cites *State v. Phinizee*, 2d Dist. Clark No. 95-CA-54, 1996 WL 391722 (July 5, 1996), for the proposition that multiple driver's license suspensions may not be imposed consecutively. The State seeks to distinguish *Phinizee* by arguing that its application is limited to multiple driver's license suspensions under R.C. 2925.03:

Stephens argues that the legislature had the opportunity to address consecutive license suspensions because of the *Phinizee* and [*State v.*] *Reynolds*[, 5th Dist. Fairfield No. 12 CA 7, 2012-Ohio-5956,] cases. However, these cases did not deal with the direct issue of whether a license suspension pursuant to O.R.C. §2925.03 and O.R.C. §4510.02 could run consecutive to one another.

In *Phinizee*, this Court held that nothing in O.R.C. §2925.03(M) authorized consecutive license suspensions for multiple drug trafficking cases *and that O.R.C. §2929.41(A) required the sentence to be run concurrent*. In *Reynolds*, the court of appeals for the fifth district held that the trial court could not impose consecutive license suspensions where all the suspensions were pursuant to O.R.C. §2925.03(G). (Emphasis added.)

{¶ 9} We disagree with the State's characterization of our holding in *Phinizee*, as set forth in the italicized portion of its brief set forth above. We did not hold that R.C. 2929.41(A) required the license suspensions in *Phinizee* to be served concurrently. We did note, in passing, that R.C. 2929.41(A) expressly provides that sentences of *imprisonment* shall be served concurrently, unless an exception applies. *Phinizee*, at *5. We then observed that: "While consecutive sentences of imprisonment are expressly provided for in R.C. 2929.41(B), there is no express provision for consecutive driver's license suspensions in R.C. 2925.03(M)." *Id.* We then cited the rule of lenity: "Sections of the Revised Code defining offenses or penalties shall be

strictly construed against the State, and liberally construed in favor of the accused. R.C. 2901.04(A). Because section R.C. 2925.03(M) contains no provision for consecutive driver's license suspensions, we conclude that the trial court was without authority to make the multiple driver's license suspensions imposed in this case consecutive." *Id.*

{¶ 10} The State argues that the case before us is distinguishable from *Phinizee* because one of Stephens's driver's license suspensions was imposed by reason of R.C. 2925.03(G), and the other was imposed by reason of R.C. 4510.02. We do not find this argument persuasive. R.C. 2925.03(G) directly provides for a driver's license suspension for persons convicted of certain drug offenses, including the Trafficking offense of which Stephens was convicted. R.C. 2921.331(E) provides, for persons convicted of Failure to Comply, that the trial court shall impose a class two license suspension "from the range specified in division (A)(2) of section 4510.02 of the Revised Code." Thus, the requirement of a license suspension for persons convicted of Failure to Comply is set forth in R.C. 2921.331(E), not R.C. 4510.02, which is merely referred to in R.C. 2921.331(E) for the purpose of determining the duration of the license suspension.

{¶ 11} But, in any event, the imposition of driver's license suspensions are penalties that are part of Stephens's sentences for Trafficking and for Failure to Comply. Because we are aware of no statutory provision authorizing that those penalties be made to run consecutively (and the State has not cited any such statutory provision), the rule of lenity provided for in R.C. 2901.04(A) impels us to the same conclusion we came to in *Phinizee* – that these driver's license suspensions may not be ordered to run consecutively.

{¶ 12} Stephens's sole assignment of error is sustained.

### III.  Conclusion

**{¶ 13}**  Stephens's sole assignment of error having been sustained, that part of the judgment of the trial court imposing driver's license suspensions is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for the limited purpose of re-imposing driver's license suspensions for the Trafficking and Failure to Comply offenses of which Stephens has been convicted.   The trial court is not authorized to change the terms of the driver's license suspensions; it is directed to impose a two-year driver's license suspension for Trafficking and a three-year driver's license suspension for Failure to Comply, to be served concurrently.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Adrian King
Hon. Douglas M. Rastatter